[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED MEMORANDUM OF DECISION
In this action returnable to this court on June 4, 1991, the plaintiff, Allstate Insurance Company, brings a subrogation action to collect property damage sustained by the vehicle of John Begley which was operated by his wife, Doris Begley, on October 4, 1990, at approximately 6:49 p.m., on Frost Road in Waterbury.
The plaintiff's complaint alleges that the plaintiff's vehicle was proceeding southbound on Front Street in Waterbury, when it was rear ended by the vehicle being operated by Antoinette Chieffo. The defendant cited in Doris and John Begley as parties plaintiff inasmuch as they wished to file a counterclaim for damages to their car which they claim was caused by the negligence of Doris Begley. When the defendant's answer, special defense and counterclaim were filed, a separate file was opened by the clerk's office, but the parties and the trial court have treated both aspects of the case as one matter.
Additional confusion was introduced into the trial by the designation of the highway as Front Street and the direction of travel as southbound. Actually, both vehicles were travelling eastbound on Frost Road, Waterbury, and both were approaching the intersection of Frost Road and Meriden Road, Waterbury.
Both parties stipulated that the damages to the two vehicles involved in the accident in question were agreed upon, i.e., that the damages to the plaintiff's vehicle was $3,138.61, and that the damages to the defendant's vehicle was $4,495.36. The only issue at trial was that of liability. There were no independent witnesses to the accident and the parties were limited to the respective versions of the incident testified to by the two drivers.
The plaintiff, Doris Begley, testified that she was making a CT Page 4292 right hand turn into Cross Road Plaza, that she had her right turn signal on for more than 100 feet and that she had not come to a stop before attempting the right hand turn. She was struck on the right rear panel of her vehicle. She testified that there was one lane of traffic "southbound" and that she was travelling "towards the middle of the road."
The defendants testified that she had exited from the G. Fox Mall on Stillson Road, and that she had been following the plaintiff's vehicle the full length of Frost Road for more than one mile. She stated that in front of the Cross Roads Plaza, the road split into two lanes. She contended that the Begley vehicle was in the left lane and that she, Antoinette Chieffo, was proceeding in the right lane, intending to go straight ahead. She said that the Begley vehicle was stopped, displayed no turn signal, but suddenly turned to the right into the lane in which the Chieffo vehicle was travelling. She contended that Doris Begley stated that she decided to turn into the Cross Roads Plaza "at the last minute".
The pictures introduced into evidence, Plaintiff's Exhibits B and C, confirm the description of the locality described by the defendant.
After an evaluation of the evidence, the court concludes that the version of the accident in question, given by the defendant, Antoinette Chieffo, was more credible. In the light of this conclusion, the court enters a Judgment on the plaintiff's complaint for the defendant, and enters a Judgment for the defendant on their counterclaim for $4,495.36 plus costs.
O'BRIEN, S.T.R.